## UNITED STATES v. WILSON.

(Circuit Court, S. D. Florida. February 26, 1910.)

**1. BANKS AND BANKING (§ 257*)—NATIONAL BANKS—OFFENSES—FALSE ENTRIES.**

In a prosecution of a national bank officer for making alleged false entries, a plea of not guilty places on the government the burden of proving that defendant, within the district and within three years prior to the finding of the indictment, knowingly and intentionally made one or more false entries in the books of the bank with intent to deceive or defraud any agent of the government charged with the duty of supervising the transactions of the bank, or inspecting its books or accounts.

[Ed. Note.—For other cases, see Banks and Banking, Dec. Dig. § 257.*]

**2. CRIMINAL LAW (§ 308*)—PRESUMPTION OF INNOCENCE.**

A presumption of innocence accompanies accused throughout the trial until overcome by evidence satisfying the jury of the charge beyond a reasonable doubt.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 731; Dec. Dig. § 308.*]

**3. BANKS AND BANKING (§ 257*)—NATIONAL BANKS—OFFENSES—FALSE ENTRIES.**

Where entries by accused in the books of a national bank were false and capable of deceiving the comptroller's agents, defendant's intent to deceive and defraud may be inferred from the making of the entries, under the rule that every person is presumed to intend the natural and probable result of his acts knowingly done, and that an unlawful act implies an unlawful intent.

[Ed. Note.—For other cases, see Banks and Banking, Dec. Dig. § 257.*]

**4. BANKS AND BANKING (§ 256*)—NATIONAL BANKS—"FALSE ENTRIES."**

A false entry within Rev. St. § 5209 (U. S. Comp. St. 1901, p. 3497), making it an offense for a national bank officer to make false entries in its books with intent to deceive, etc., is an entry made in such book by an officer of the bank, that is intentionally and knowingly false when made, and made with intent to deceive the officers of the bank or defraud the association.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 960–961; Dec. Dig. § 256.*

For other definitions, see Words and Phrases, vol. 3, pp. 2656–2657; vol. 8, p. 7660.]

**5. BANKS AND BANKING (§ 256*)—NATIONAL BANKS—OFFENSES—FALSE ENTRIES.**

The offense of making a false entry in the books of a national bank by an officer, in violation of Rev. St. § 5209 (U. S. Comp. St. 1901, p. 3497), may be made personally or by direction to another.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 960, 961; Dec. Dig. § 256.*]

**6. BANKS AND BANKING (§ 256*)—NATIONAL BANKS—OFFENSES—FALSE ENTRIES.**

A simple mistake by an officer of a national bank in making an entry in one of the company's books, growing out of a clerical error, is not a violation of Rev. St. § 5209 (U. S. Comp. St. 1901, p. 3497), punishing the making of false entries by a bank officer with intent to deceive.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 960–961; Dec. Dig. § 256.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

7. CRIMINAL LAW (§ 561*)—"REASONABLE DOUBT.

A "reasonable doubt" is not every doubt that may flit through the minds of the jury in considering a case, but is a doubt for which the jurors can give a reason if called on to do so.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 1267; Dec. Dig. § 561.*

For other definitions, see Words and Phrases, vol. 7, pp. 5958–5972; vol. 8, p. 7779.]

8. CRIMINAL LAW (§ 561*)—WEIGHT OF EVIDENCE.

A jury in a criminal case is required to decide the questions submitted to them from the strong probabilities of the case, and such probabilities need not be so strong as to exclude all possible doubt, but only sufficiently strong to exclude every reasonable doubt.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 1267; Dec. Dig. § 561.*]

9. CRIMINAL LAW (§ 559*)—WEIGHT OF EVIDENCE.

A jury in arriving at a verdict in a criminal case is not restricted to the palpable facts, but may consider all the inferences which reasonably may be drawn from the facts proven.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1257–1265; Dec. Dig. § 559.*]

10. CRIMINAL LAW (§§ 377, 561*)—CHARACTER—WEIGHT OF EVIDENCE.

Accused may show if possible his previous good character as to the trait involved in the accusation which strengthens the presumption of innocence, and which may in the absence of other evidence raise a reasonable doubt, and entitle him to an acquittal.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 836, 837, 840, 1267; Dec. Dig. §§ 377, 561.*]

11. CRIMINAL LAW (§ 878*)—VERDICT—SEVERAL COUNTS.

Where accused is indicted on several counts, he may be convicted on one or more, and acquitted as to the others.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2098–2101; Dec. Dig. § 878.*]

T. K. Wilson was indicted for violating the national bank act (Rev. St. § 5209 [U. S. Comp. St. 1901, p. 3497]).

John M. Cheney, U. S. Atty., and R. P. Marks, Asst. U. S. Atty. Peter O. Knight, for defendant.

SHEPPARD, District Judge (charging jury). The defendant Wilson is on trial before you charged in an indictment of six counts with having intentionally made sundry false entries in the books of the National Bank of St. Petersburg. The defendant interposed the plea of "not guilty," which raises the issue of his guilt, that now rests solely upon an honest and impartial discharge of your duty under the guidance of the law which now becomes my duty to explain to you.

By the national bank act, any three or more persons who comply with certain requirements therein set out can obtain a charter to set up a national bank. The primary purpose of the law was to provide a means by which the government might carry on its large fiscal operations so as to invite the public confidence in the banks thus chartered to do business throughout the country, but the law subjects them to certain regulations looking to a wise and safe administration of business, as well as the supervision of the head of the government bureau

at Washington, the Comptroller of Currency, whose duty it is to keep a diligent watch over the conduct of the affairs of every national bank in the United States.

It is this recognized responsibility and this known supervision of the conduct of such institutions which invite the public confidence and which the law governing their conduct is made a safeguard. The officers of all national banks are wisely held to a rigid observance of the restrictions of the law, and any wrongdoing of such officers is severely denounced by section 5209, Rev. St. (U. S. Comp. St. 1901, p. 3497). This section provides:

"Every president, cashier, director, teller, clerk, or agent of any association who embezzles, abstracts, or willfully misapplies any of the moneys, funds, or credits of the association, * * * or who makes any false entry in any book, report or statement of the association, with intent, in either case to injure or defraud the association, or any other company, body politic or corporate, or any individual person or to deceive any officer of the association, or any agent appointed to examine the affairs of the association; and every person who with like intent, aids or abets any officer, clerk or agent in violation of this section shall be deemed guilty of a misdemeanor. * * *"

The plea of not guilty puts the burden upon the United States to prove beyond a reasonable doubt to your satisfaction every material allegation of the indictment, viz., that T. K. Wilson, as cashier of the National Bank of St. Petersburg, within the Southern district of Florida, within three years before the finding of this indictment, did knowingly and intentionally make a false or false entries in the books of said bank, with the purpose of deceiving or defrauding any agent of the government of the United States charged with the duty of supervising the transactions of said bank or inspecting its books and accounts.

The presumption of innocence is with the defendant, and that presumption accompanies him throughout the trial and until it is overcome by evidence which satisfies your minds of the truth of the charge beyond a reasonable doubt. But when the government by its evidence has satisfied your minds beyond a reasonable doubt that one or more of the alleged false entries were made in the books of said bank, within three years before the finding of the indictment, and you are further satisfied beyond a reasonable doubt that such false entries were made with intent to deceive the agents of the Treasury Department who are authorized to inspect and supervise said books, you should find the defendant guilty. If the alleged entries in the books of the bank were false entries, and were capable of deceiving any agent of the Comptroller of Currency, charged with the duty of supervising the books of the bank, the intent of the defendant to deceive and defraud may be reasonably inferred from the making of such false entries. Every person is presumed to intend the natural and probable consequences of his acts knowingly done, and that an unlawful act implies an unlawful intent. An entry which is intentionally made to represent what is not true or does not exist is a false entry. A false entry made in the books of a bank, denounced by the statute, is an entry made in such book by the cashier or other officer of the bank that is intentionally and knowingly false when made. It must be in-

tentionally made, of what is not true and does not exist, with intent to deceive the officers or defraud the association.

It is not the purpose of the law to punish any officer of a national bank who through mistake makes an entry in the books of the bank which he believes to be true, although in fact it may be false. To warrant a conviction for a false entry on the books of the bank the jury must find, not only that the entry was false on the books of the bank, but was knowingly false; it is necessary that the defendant knew at the time that they were made that the entries were false.

This offense may be committed personally or by direction; by causing another to do it, therefore, if the fact stated in a slip was known to be untrue, it is a false entry, and copying such false entry in the books with intent to deceive would be a violation of the statute.

The circumstance of its not having been done skillfully or that it could be easily detected by inquiry from the examiner of the books of the bank would not render such entry any the less criminal if made to deceive or defraud any agent of the Comptroller of Currency, appointed to inspect the books and accounts of said bank. A simple mistake in making an entry in a book growing out of a clerical error would not make an officer of a bank guilty under this statute. In order to make the act criminal it must be committed with intent to deceive an agent of the Comptroller of the Currency. It is not incumbent on the government to show on trial that the party accused had malice or ill will toward the bank, or its officers, or that there should be any well-planned scheme or design to effect injury to the bank. But a thing is regarded as intended if willfully done. So while this offense must be committed by the accused with intent to deceive some agent of the Comptroller—that is, a national bank examiner—that intent, however, may be conclusively presumed from the doing of a wrongful and illegal act, which necessarily would result in deceiving the bank examiner. Illegal acts, knowingly and wrongfully done, can neither be justified nor excused on the ground of innocent intent. The character of the act—the circumstances surrounding the doing of the act—determine in a large degree the question of intent. The burden of proof is upon the government to prove every material allegation in the indictment beyond a reasonable doubt.

A reasonable doubt does not mean every doubt that may flit through your minds in the consideration of this case, but a doubt for which you can give a reason if called on to do so. If, after a careful consideration and comparison of all the evidence with the law as given you by the court, you find a doubt which leaves your minds unsatisfied, arising from the testimony in the case, or a lack of evidence, that would be a reasonable doubt, a doubt of which you should give the defendant the benefit, and acquit him. A doubt by any consideration outside the evidence, or insufficiency of evidence, or doubt born of merciful inclinations, or one prompted by sympathy for the accused, is not what is meant by a reasonable doubt. Neither can you create sources of doubt by resorting to matters outside the evidence. You are required to decide the questions submitted to you from the strong probabilities of the case, and the probabilities need not be so strong as

to exclude all possible doubt, but must be so strong as to exclude every reasonable doubt.

You are the sole and exclusive judges of fact. When there is a conflict in the testimony, it is your province to reconcile that conflict if you can; but if you are unable to reconcile it, then you are at liberty to discard such parts or so much of it as you may think unworthy of belief, and credit that which you may believe to comport more with reason and common sense in the common affairs of everyday life.

The jury in arriving at a conclusion of what has been proved in a given case are not restricted to the palpable facts brought out on the trial, but may consider all the inferences which reasonably may be drawn from the proven facts; nor is the jury expected to lay aside their common knowledge of men and human nature, their common sense and experience in the affairs of everyday life. In your consideration of the evidence, these attributes should be brought into use and application in weighing the testimony in the endeavor to reach a just and righteous conclusion on the evidence.

It is your duty to arrive at a conclusion from the facts and circumstances of this case the same as you would come to a conclusion upon any other fact in life. There is no technical rule for applying them; you are only expected to apply the same rule that you would apply to any other subject brought to your consideration for determination, about which an oath had been administered. You have had the opportunity of seeing the witnesses and observing their manner of testifying on the stand, as well as any interest or bias they may have shown in the transactions about which they have testified. These are matters for your consideration in weighing the evidence and which aid you in arriving at a fair and just conclusion from all the testimony. It is your province to look to the interest, if any, which any witness may have in the result of the trial in determining the weight to be attached to his testimony.

There has been evidence adduced of the previous good character of the defendant. It is always the right of the defendant to show, if he can show, a previous good character as to the trait involved in the accusation against him, and for which he is being tried. The good character of the defendant strengthens the presumption of innocence which always accompanies the defendant, and may, in the absence of other evidence, raise in the minds of the jury a reasonable doubt as to the truth of the charge which would entitle him to an acquittal. But in determining the weight to be given testimony as to character, the jury should always consider the nature of the offense of which the defendant is charged, for instance, if he is charged with larceny, or perjury, or other offenses which imply moral turpitude, proof that he has been a man of high standing, of character, and unquestioned integrity would of itself raise a doubt whether a man of that character would be guilty of such a charge, but this is not so if the charge is one like assault and battery, for men of the highest character fall victims to passion and ungovernable tempers. So, too, in considering the weight to be given the testimony you must consider the nature, temperament and disposition of the witness testifying to his character, whether they may not be in sympathy with the defendant or whether

they look with particular disfavor on such offense or think any less of the defendant even if he were guilty.

You may find the defendant guilty of all the counts of the indictment or of one or more of such counts, and not guilty as to others; or you may find him not guilty as to all of the counts.

If you find him guilty, the form of your verdict should be: "We, the jury, find the defendant guilty as charged in the indictment;" or "We, the jury, find the defendant guilty as to counts numbers ———;" or "We, the jury, find the defendant not guilty"—and your verdict should be signed by your foreman.